**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARVIN A. EPPS,
Plaintiff-Appellant,

v.

No. 97-2497

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CA-96-239-3-P)

Submitted: April 28, 1998

Decided: May 19, 1998

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tomi W. Bryan, Lisa W. Bullard, BRYAN, BULLARD & HOUG-
LAN, Greensboro, North Carolina, for Appellant. Mark T. Calloway,
United States Attorney, Joseph L. Brinkley, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises from a denial of Social Security benefits. On February 23, 1994, Marvin Epps, a thirty-eight year old male with relevant work experience as a cook and a painter, filed applications for disability benefits and supplemental security income alleging disability due to back and hip pain. The applications were denied and an Administrative Law Judge ("ALJ") found Epps not disabled after a hearing on December 28, 1994. The Appeals Council declined Epps' request to review the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 404.981 (1997). Epps then filed a civil action seeking review of the denial of the benefits. A magistrate judge recommended affirmation, and the district judge adopted the recommendation and affirmed the Commissioner's decision. This appeal followed.

This court must determine whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that evidence which "a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal quotations omitted). Epps attributes the following errors to the Commissioner's decision: (1) the ALJ erred in finding that his depression did not qualify as a severe mental impairment; (2) the ALJ failed to give proper weight to the Veterans Administration's opinion that he was unemployable; (3) the ALJ improperly found that his back injuries did not meet or equal the criteria in Medical Listing 1.05C; (4) the ALJ improperly assessed his subjective complaints of pain and failed to address his wife's corroborative testimony; (5) the ALJ improperly found that he is capable of light work and that such work is available. Based on these alleged errors, Epps asserts the Commissioner's decision was not supported by substantial evidence.

2

We have reviewed the record, briefs, and pertinent case law in this matter. Our review persuades us that the district court correctly found that the Commissioner's decision denying benefits is based upon substantial evidence. Accordingly, we affirm on the reasoning of the district court opinion adopting the recommendation of the magistrate judge. <u>Epps v. Apfel</u>, No. CA-96-239-3-P (W.D.N.C. Aug. 20, 1997). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3